GARDNER *v.* GOSS.

Opinion delivered January 24, 1921.

1. SCHOOLS AND SCHOOL DISTRICTS—ACTS OF DE FACTO DIRECTORS.—
   The acts of school directors who hold office by virtue of a fraud-
   ulent election are valid as to third parties, though performed
   during the pendency of a contest which afterward resulted in
   their ouster; they being *de facto* officers.

2. SCHOOLS AND SCHOOL DISTRICTS—DISCHARGE OF SUPERINTENDENT.—
   Though the discharge of a school superintendent was a breach
   of his contract of employment, this did not justify him in re-
   fusing to surrender possession of the property and affairs of
   the district to the directors, as his remedy is an action at law
   for breach of contract.

Appeal from Pulaski Chancery Court; *J. E. Mar-tineau,* Chancellor; affirmed.

*Mehaffy, Donham & Mehaffy,* for appellants.

1. The court erred in sustaining the demurrer of plaintiffs to the cross-complaint of defendants. The de-murrer admits the truth of all its allegations as to con-spiracy and fraud. If plaintiffs were guilty of the acts of fraud as admitted by the demurrer, they do not come into equity with clean hands. 1 Pomeroy, Eq. Jur. (4 ed.).

2. The school board had no legal right to discharge Gardner and no cause for his discharge. No notice was given him, and no cause of discharge was assigned. The board was not legally organized. 37 S. W. 277.

3. A board of directors can not dismiss a teacher arbitrarily and without cause. 53 Ark. 471; 45 Pac. 119; 73 *Id.* 954; 25 So. Rep. 669; 35 Cyc. 1094; 39 L. R. A. 510; 40 Pac. 826.

4. Mann and Machin were not even *de facto* officers when Gardner was discharged and Davis employed. 29 Cyc. 1392. The rule which upholds the cases of *de facto* officers is one of public policy, and only those who deal with such officers in good faith are protected. Mecham, Pub. Officers, § 328; Throop on Pub. Officers, § 649. The rule was approved in 133 Ark. 277. The defect in title of Mann and Machin was notorious and well known to

Davis, and they were not even *de facto* officers, and Gardner's discharge was illegal.

*Coleman, Robinson & House,* for appellees.

1. The only question or issue here is whether or not a school board may discharge a teacher employed under written contract before his term of contract expires. Gardner was a mere employee, not a public officer, and no hearing was necessary before his removal. He was discharged for cause, as the evidence shows. The board had the right to discharge him without notice or hearing, if cause existed, and it did. He was a mere employee. R. C. L., "schools," § 69. The appointing power may remove for cause and it is the sole judge. 39 Ark. 24; 24 R. C. L. 618. See, also, 5 Pac. 119.

2. A teacher discharged rightfully or wrongfully must seek his remedy by a suit for damages. 24 R. C. L. 619; 51 L. R. A. (N. S.) 336; 49 *Id.* 62.

3. Mann and Machin were *de facto* officers, and their action valid. 132 Ark. 58; 133 *Id.* 277; 117 Ky. 47; 4 Anno. Cases 671; 22 R. C. L. 317; 118 U. S. 425, § 324; 45 L. R. A. (N. S.) 1101; 24 *Id.* 408. See, also, 38 Ark. 158; 55 *Id.* 81; 52 *Id.* 356; 25 *Id.* 336.

Gardner was discharged by vote of a majority of the qualified members of the board. 109 Ark. 129.

SMITH, J. In May, 1919, appellant Gardner was employed as superintendent by the School Board of North Little Rock for the term ending July 1, 1921. On May 15, 1920, a school election was held, and Machin and Moore were given certificates of election as directors. The election was contested by Ryan and Bennett, and the contest was decided in the county court August 16, 1920, in favor of the contestants. In September, 1920, Moore and Machin were removed as school directors by order of the circuit court.

Machin and Moore took the usual oath of office, and entered upon the discharge of the duties of school directors, and at a regular meeting of the board on June 21, 1920, attended by them and the other four directors, a

resolution was introduced and passed discharging Gardner as superintendent. Three of the old members of the board, together with Moore and Machin, voted to discharge Gardner, and shortly after his discharge Davis was elected to succeed him. Gardner refused to recognize the appointment of Davis, and announced his intention of opening and running the public schools. Gardner had a contract for a year at a salary of $3,360, payable in amounts of $280 at the end of each calendar month.

Gardner had the support of an organization known as the North Little Rock School Improvement League, which actively assisted him in asserting his right and authority to conduct the schools.

The cause was heard on an agreed statement of facts, from which statement the facts recited above are taken. The court entered a decree enjoining Gardner and the officers and members of the School Improvement League from interfering with Davis in the opening and operation of the schools, and this appeal is from that decree.

It is very earnestly insisted that the school board had no right to discharge Gardner, for the reason that Moore and Machin were in office by virtue of a fraudulent election, and that without their votes the necessary majority could not have been obtained. It is further insisted that the discharge of Gardner was void, because he was discharged without notice and without cause. And for all these reasons it is insisted that a court of equity should not lend its aid to accomplishing and perpetuating a wrongful act.

Counsel for appellant cite the case of *Thompson* v. *Gibbs*, 37 S. W. 277, in which the Supreme Court of Tennessee held that, where a teacher, who had been wrongfully dismissed, continued in possession of school property, a court of equity would not aid the directors in dispossessing him. That decision, however, was controlled by a statute of that State which limited the right of school directors to summarily dismiss a teacher to certain causes specified in the statute. We have no such statute. So

that, while the directors may not have been justified in discharging Gardner, they had the power to do so.

It is true Moore and Machin participated in the action, and the resolution to that effect was adopted by their votes; and it is also true that at the time the resolution was adopted the contest was pending which terminated in their ouster from office. But they were *de facto* officers, and were exercising the functions of directors, and their acts as such were valid as to all third parties. This question was thoroughly considered by this court in the recent cases of *McClendon* v. *State,* 129 Ark. 286; *Faucette* v. *Gerlach,* 132 Ark. 58; *Inland Construction Co.* v. *Rector,* 133 Ark. 277.

If Gardner was wrongfully discharged—a fact which may be conceded for the purposes of the present case—he has his remedy at law for the breach of the contract of employment. But the right to recover damages for the broken contract—if that right exists—does not justify him in refusing to surrender possession of the property and affairs of the school district to its legal custodians, the directors of the district, and the decree of the court enjoining interference on his part will be affirmed. It is so ordered.