## COLE FURNITURE COMPANY v. JACKSON.

### Opinion delivered June 27, 1927.

1. JUDGMENT — CONCLUSIVENESS OF PRIOR JUDGMENT. — Where an adverse judgment has been rendered against lessees holding under written and verbal leases in an unlawful detainer case, such lessees could not in a subsequent suit litigate their rights in the property by reason of the erection of buildings on the premises, since these rights were necessarily within the issues and might have been litigated in the former suit.

2. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—The verdict of the jury on conflicting evidence is conclusive.

Appeal from Cross Circuit Court; *W. W. Bandy,* Judge; affirmed.

*John S. Mosby,* for appellant.

*S. A. Gooch* and *Killough, Killough & Killough,* for appellee.

SMITH, J. On January 1, 1914, R. J. Jackson entered into a contract of lease with H. L. and S. W. Cole, who were partners, doing business as the Cole Furniture Company. The lease covered lot 11 in block B of the town of Trumann, and it was there agreed that the Cole brothers, as lessees, should erect a business house on the lot and pay a monthly rental of $20, and should have the right to use and occupy the building for the period of ten years, at the end of which time the lessees were to surrender possession of the building. The lessees erected a building, and, after occupying it for about three years, they entered into a verbal contract with Jackson under which they erected several smaller business houses. The

terms of the contract under which these last and smaller buildings were erected are in dispute. The lessees insist that the contract provided that they should have the free use of these buildings until the termination of the original written lease, and, at the end of that time, should be paid the salvage value of the buildings. The lessees defaulted in the payment of the rent, and an unlawful detainer suit was brought by the lessor to recover possession. A judgment was rendered in that case, which recites that the defendants announced not ready for trial, but that a jury was impaneled, and, after testimony was offered, a verdict was returned in favor of the plaintiff lessor for the possession of the property and for $855.12 as rent.

Later this suit was brought by the Cole Furniture Company, and the complaint alleged their version of the contract under which the additional buildings had been erected, and at the trial they offered testimony tending to sustain these allegations. Testimony was offered by Cole Brothers that Jackson had bought certain furniture at another store owned by them at Parkin, Arkansas, and that Jackson had failed to credit the purchase price thereof on the account between the parties. This was denied by Jackson.

At the conclusion of all the testimony the court ruled, in effect, that the judgment in the first suit was conclusive of all the issues in controversy except the purchase price of the furniture, and the jury was directed to find for the plaintiff for the purchase price of the furniture, unless it was found that the account had been paid and settled, and that the burden was on the defendant to show payment. A verdict was returned in favor of the defendant, and judgment was rendered accordingly, and this appeal is from that judgment.

Several questions are raised which we find it unnecessary to discuss. The court correctly held that the first judgment was conclusive of the rights of the parties under both the written and verbal leases. As the lessees might have litigated their rights to the lot and the

property thereon in the unlawful detainer case, they are barred by the judgment there rendered from litigating them in the second case. *Gosnell Special School Dist. No. 6* v. *Baggett,* 172 Ark. 684, 290 S. W. 577.

The lessees cannot, in a subsequent case, litigate matters which were necessarily within the issues pre sented in the first case. Nothing remained which was not concluded by the judgment in the first case, except the sale of the furniture, and the verdict of the jury at the trial from which this appeal comes is conclusive of that question.

As no error appears, the judgment must be affirmed, and it is so ordered.