EVANS *v.* ROBERTSON.

Opinion delivered May 28, 1928.

*Duty & Duty,* for appellant.

*Rice & Dickson,* for appellee.

SMITH, J. On April 4, 1925, J. A. Robertson owned certain lots in the city of Rogers, on which his residence stood and in which he resided with his wife, Zeva Robertson, and their infant son. They were in debt on the place to the extent of about seven hundred dollars, and applied to Ira D. Swearingen for a loan of that amount to discharge the indebtedness. Swearingen declined to make the loan, for the reason that he was unwilling to incur the expense of a possible foreclosure, but he agreed to take a warranty deed to the property and to execute an agreement to reconvey it at any time within one year after the date of the deed for a consideration of $770. This arrangement was consummated, and Robertson and his wife executed and delivered to Swearingen a warranty deed conveying the property to him, and he, at the time of the delivery of the deed, executed the following contract:

"This agreement certifies that Ira D. Swearingen agrees and binds himself to convey to J. A. Robertson, Jr., or his assigns, the following described lands in Benton County, Arkansas, to-wit (describing lots), at any time within one year from this date, providing the said J. A. Robertson, or his assigns, shall pay to the said Ira D. Swearingen during said time the sum of $770.

"Time is made the essence of this agreement.

"This 4th day of April, 1925.

"J. A. Robertson, Jr.

"Zeva Robertson.

"Accepted: Ira D. Swearingen."

Robertson was addicted to the excessive use of intoxicating liquors, and before the expiration of the year became almost *non compos mentis,* and suffered from delirium tremens, and so deported himself that his wife was compelled to leave their home and return to that of her father. She did this because she and her father

thought it unsafe for her to live with her husband. Robertson's condition was such that it became certain that he could not and would not redeem the property, and Mrs. Robertson's father, acting for her and in her behalf, applied to Swearingen to redeem the property, and offered to pay the $770 for a deed. This offer was made before the expiration of the year.

Robertson appeared to be much under the influence of appellant Evans, who, from time to time, loaned him small sums of money and sold him merchandise out of his store on credit. Evans knew that Mrs. Robertson was negotiating for the redemption of the lots, and she knew that he also contemplated purchasing them, and she offered to permit him to buy the property, which was worth from seventeen hundred to two thousand dollars, provided he would pay her $500, and she testified that she would not agree for Evans to buy the property unless he would pay her that amount of money, but this he declined to do.

One year to a day after the date of the deed and the contract to reconvey, Swearingen executed a deed to Evans for the property. Swearingen testified that Mrs. Robertson's father came to see him about redeeming the property, and that he would have permitted her to do so but, about the time the contract matured, Robertson told him to make the deed to Evans, who was Robertson's "assigns." Witness examined his contract, and saw that it read that he should reconvey the property to Robertson or his assigns, and he therefore conveyed the property to Evans, who paid him $770 in cash for a deed. The contract to reconvey had not been assigned to Evans by Robertson. Witness at first declined to execute a deed to Evans, but, when his attention was called to the language of the contract, he made a deed as directed by Robertson, because he thought his contract required him to do so.

After executing the deed, Swearingen, on April 8, wrote appellee's father the following letter;

"Dear friend: Robertson paid me, and as our contract read 'Robertson, Jr., or his assigns,' he made me make the deed to a man named Evans as his assign. I did not know that was in the contract until today.

"P. S. Am awfully sorry that it was in the contract that way."

It was shown that Evans borrowed the money with which he purchased the lots, and as security therefor executed a mortgage on the lots.

Robertson died in June, 1926, and on July 1, 1926, Mrs. Robertson and her infant son brought this suit, and alleged that the money procured from Swearingen was a loan, and that the deed executed to him was in fact a mortgage, and that Robertson had procured the execution of the deed to Evans for the purpose of defeating the dower rights of his wife and the homestead rights of herself and their infant child.

Evans filed an answer, alleging that the conveyance to Swearingen was in fact a deed, as it purported to be, and that the contract executed at the time of the delivery of the deed was a mere agreement to reconvey within one year, and that time was made of the essence of the contract to reconvey, and the right to repurchase was not exercised within the time limited.

The court expressly found the fact to be that Evans was not an innocent purchaser, and the testimony appears to abundantly support that finding. The court further found that the deed was in fact a mortgage, and that it was executed to secure a loan of $700, and it was decreed that the right of redemption existed and might be exercised by plaintiffs paying $770 of the money which Evans had borrowed from a third party to pay Swearingen, and to whom he had given a mortgage, with interest at eight per cent. to date, and this appeal is from that decree.

Appellant earnestly insists, upon the authority of the case of *Hays* v. *Emerson*, 75 Ark. 551, 87 S. W. 1027, that the deed from Robertson and wife to Swearingen was an absolute conveyance in consideration of $700 paid them, and not a mere security for a loan for that

amount, and that the agreement to reconvey within a year did not create a mortgage, but was a conditional sale, which became absolute upon the expiration of the year.

We think the decree was not an erroneous one, even though appellants were correct in the contention stated (a point we do not decide), for the reason that Mrs. Robertson had a very substantial interest in the property if it were redeemed, to-wit, that of dower and homestead, and she regarded that right as of sufficient value to warrant her in redeeming the lots by paying the sum required for that purpose. Within the time limited for that purpose her father, as her agent in her behalf, offered to redeem the property, and would have done so had Swearingen not misconceived it to be his duty, under his contract, to convey the property to Robertson's "assigns." All parties knew, when Swearingen executed his deed to Evans, that Robertson could not and would not effect a redemption of the lots. Robertson and his wife were not divorced, and she had left his home only because her husband's misconduct had made it unsafe for her and her child to live there. Her rights of homestead and dower subsisted, and to protect these rights she was entitled to redeem the property, and especially so when it became apparent that her husband would not exercise the right of redemption.

At § 299 of the chapter on Mortgages, in 19 R. C. L., page 503, it is said that the equitable right to redeem a mortgage, after breach of condition, extends beyond the mortgagor to all who claim through or under him, and that a right of homestead gives the privilege of redemption. The cases collected in the annotator's note to the case of *Mackenna* v. *Fidelity Trust Co.*, 6 A. & E. Ann. Cases 471, cited in the note to the above text, fully sustain the text.

Now, although the agreement between Robertson and wife and Swearingen may have constituted a conditional sale, and not a mortgage, there was a contractual right to redeem within a year, and the holder of a homestead right was entitled to exercise that right. The

interposition of Evans, who, as the court found, was not an innocent purchaser, defeated the attempt to exercise this right, and the court below was correct therefore in holding that the right of redemption had not been destroyed.

The decree of the court below is correct, and is affirmed.