## ROBERTSON *v.* EVANS.

Opinion delivered November 18, 1929.

*Rice & Dickson,* for appellants.
*Duty & Duty,* for appellees.

HUMPHREYS, J. This suit was brought in the chancery court of Benton County, on June 28, 1929, by appellants against appellees to recover rents for and damages to a residence property in Rogers, Arkansas, occupied

by appellees from the 4th day of April, 1926, to July, 1928, under deed, which was construed by this court in the case of *Evans* v. *Robertson,* reported in 177 Ark. at page 419, 6 S. W. (2d) 536, to be a mortgage, from which the appellants herein might redeem the property by the payment of the mortgage indebtedness. Reference is made to the case cited for a full statement of facts leading up to the institution of this independent suit for rents and waste.

Appellees interposed the defense of *res judicata* to the independent suit for damages on account of cutting shade trees on the property, and for rents on account of the occupancy of same from August 12, 1927, the date of the original decree in the redemption suit, and tendered the rents from and after that date to July, 1928, when they vacated the property, as the correct balance due them on the mortgage indebtedness.

The cause was submitted to the trial court on the pleadings and testimony adduced by the respective parties, as well as the entire record in the original redemption suit, with the result that the plea of *res judicata* was sustained, and a judgment rendered in favor of appellees for $357.30, balance due upon the mortgage after deducting the rents, which amount was declared a lien against the real estate involved, from which is this appeal.

The only question presented by the appeal is whether appellant's claim for rents and waste was within the issues in the original redemption suit referred to above. Appellants contend that their claim for rents and waste was not pleaded in their original suit for a redemption of the property, and that they were not awarded anything upon their claim for either item in the decree in their redemption suit. Appellants have fully abstracted the pleadings and decree rendered in the redemption suit, the record of which was introduced in this case, but have not fully abstracted the evidence therein. It may be that the issue for rents and waste was presented by the evi-

dence introduced in the redemption suit. The prob-ability is that it was, as appellees herein have abstracted testimony introduced in the original case relative to cut-ting down the shade trees on the property, and to the effect that they were cut down before the redemption suit was tried in the lower court. The test in determining a plea of *res judicata* is not alone whether the matters presented in a subsequent suit were litigated in a former suit between the same parties, but whether such matters were necessarily within the issues and might have been litigated in the former suit. *Gosnell Special School Dist. No. 6* v. *Baggett,* 172 Ark. 681, 290 S. W. 577; *Cole Furni-ture Co.* v. *Jackson,* 174 Ark. 527, 295 S. W. 970; *Prewett* v. *Waterworks Imp. Dist. No. 1,* 176 Ark. 1166, 5 S. W. (2d) 735. A suit for the redemption of property neces-sarily includes any claim for rents on account of the occupancy thereof or waste committed during said time. Rents and waste follow right to redeem property.

Under the rule announced the trial court did not err in sustaining the plea of *res judicata* interposed by the appellants herein to the action for rents and waste brought by appellees.

The decree is therefore affirmed.