SHONYO v. COTHRAN.

4-4418

Opinion delivered November 9, 1936.

*Frank C. Douglas,* for appellant.
*Neill Reed,* for appellees.

McHANEY, J. Appellant filed three separate suits in the chancery court seeking to foreclose on sales contracts which he had made with the appellees for certain lots in the Hollipeter-Shonyo addition to Blytheville. Prior to the filing of these suits in the chancery court, appellant had brought three other suits against the same appellees to recover the possession of the same properties covered under the several contracts of sale and which had been tried in the circuit court, with verdicts and judgments adverse to appellant's claim of title and right of possession. The defendants in the circuit court, appellees in this action, defended in the circuit court on the ground that they had fully paid appellant for the properties purchased from him and of which they were in possession, and the verdict of the jury and the judgment of the court sustained their contentions. When these present suits were filed in the chancery court, appellees answered denying the allegations of the complaint and set up the proceedings, verdicts, and judgments in the circuit court as a bar to the action in the chancery court on the ground of *res judicata.* The three suits were consolidated and tried together in the chancery court, and the pleas of *res judicata* were sustained, the complaints dismissed for want of equity, and this appeal followed.

Appellant contends that the court erred in sustaining the pleas for the reason that the verdict of the jury, which merely found for the appellees for the possession of the property sued for, shows that the only issue submitted and tried was that of the immediate right of possession of the property. We cannot agree with appellant in this contention. It is true that the circuit court actions merely sought to recover the possession of the property under the terms of the sales contracts which provided that upon default in the payment of the installments represented by notes, the sales contracts should be converted into lease agreements and that all prior payments should be treated as rents. The appellees, however, defended their right of possession upon the ground that they had paid all payments called for under the sales contracts and that they did not owe appellant any balance on the purchase price of the property, and the jury by its verdict so found. Appellant testified that the contracts and notes relied upon in the cases at bar are the same contracts and notes exhibited in the circuit court actions and that his testimony in the circuit court in relation thereto is substantially the same as that given in the present cases. The same parties were involved, represented by the same attorneys, and all the facts, circumstances and proof offered in this case were the same as that offered in the circuit court cases. Under such circumstances this court has often sustained the plea of *res judicata.* *Cole Furniture Company* v. *Jackson,* 174 Ark. 527, 295 S. W. 970; *Prewett* v. *Water Works Improvement District No. 1,* 176 Ark. 1166, 5 S. W. (2d) 735. As said by this court in *Cole Furniture Co.* v. *Jackson, supra:* ''The court correctly held that the first judgment was conclusive of the rights of the parties under both the written and verbal leases. As the lessees might have litigated their rights to the lot and the property thereon in the unlawful detainer case, they are barred by the judgment there rendered from litigating them in the second case.'' Citing *Gosnell Special School District No. 6* v. *Baggett,* 172 Ark. 681, 290 S. W. 577. So in this case, appellees litigated with appellant in the circuit court his rights under the contracts and he lost and from which

no appeal was taken. This judgment stands as conclusive and binding against him and concludes all his rights under the contracts and notes sued upon in this case. The judgment must be affirmed. It is so ordered.