CRUMP *v.* LOGGAINS.

4-8337                                    205 S. W. 2d 846

Opinion delivered November 24, 1947.

*M. P. Watkins,* for appellant.

*J. Brinkerhoff* and *L. A. McLin,* for appellee.

HOLT, J. December 23, 1944, Mrs. Lydian Tolbert leased to the appellee here, M. T. Loggains, certain rice land in Poinsett county for a term of four years, beginning January 1, 1944, and ending December 31, 1947. Loggains took possession and operated under the lease for the year 1944, and on December 28th of that year, for a cash consideration of $2,000, he assigned and sold said lease to appellants here, J. M. Crump and R. R. Murray, who took possession and operated under the assignment for the years 1945 and 1946, enjoying the fruits of the rice crops for those two years. During the occupancy of Crump and Murray, under the assignment from Loggains (appellee), Mrs. Tolbert brought suit for the possession of the leased land, alleging that the assignment, *supra,* was null and void and of no effect and that by virtue of said attempted assignment appellee, Loggains, had forfeited his interest in said lease contract.

Appellants, Crump and Murray, and appellee, Loggains, were made parties defendants in that suit, each was summoned and separately answered Mrs. Tolbert's complaint. Appellants, Crump and Murray, in their answer, after interposing a general denial, pleaded "that should the plaintiff (Tolbert) herein prevail and this court set aside and declare void and of no effect the assignment of said lease contract, there would result a total failure of consideration for the assignment of said lease and a breach of an implied warranty that the defendant, M. T. Loggains, as said lessee, had a right to assign and sell said lease contract to these defendants (appellants herein), and that therefore the said M. T. Loggains in such contingency, would be indebted and obligated to refund to these defendants, R. R. Murray and J. M. Crump, two thousand and no/100 ($2,000) dollars and interest thereon, from date of assignment, and these defendants in such contingency would be entitled to judgment against the defendant, M. T. Loggains, for said sum of two thousand dollars and interest thereon," and their prayer was that "in such contingency as stated above, they have judgment against the said defendant, M. T. Loggains in the sum of $2,000 and interest and their costs expended, and that as to the complaint of plaintiff they be discharged with their costs, and that the complaint of the plaintiff be dismissed for want of equity and for all other proper relief."

On a trial the court found that the attempted assignment of the lease by Loggains (appellee here) to Crump and Murray was null and void, that Loggains had forfeited his interest in said lease contract, and by its decree appellants here, Crump and Murray, were dispossessed and deprived of the use and benefit of said land for the year 1947. In that decree the court made no specific finding or reference to the prayer of appellants, Crump and Murray, *supra,* wherein they prayed that in the event Mrs. Tolbert should prevail, it find and declare that Loggains would be indebted and obligated to refund to them the consideration paid to him for the lease assignment and that they have judgment against Loggains accordingly.

That case, *Crump and Murray* v. *Tolbert,* was appealed to this court, and on December 16, 1946, was affirmed. 210 Ark. 920, 198 S. W. 2d 518. Thereafter the present suit was instituted, by appellants filing a motion for a judgment against Loggains in the sum of $666.66 for a partial failure of the $2,000 consideration paid by them to appellee for the assignment of the lease, alleging a mutual mistake of law as to the right of Loggains to sell and assign said lease, in view of the decision of the court in the former suit of Mrs. Lydian Tolbert against Murray, Crump and Loggains, *supra.*

Appellee responded to appellants' motion, questioned jurisdiction of the lower court and demurred on the ground that the motion did not state a cause of acton and further "that this court has no jurisdiction of the matters set forth and mentioned in the motion of said co-defendants, or of this defendant, for the reason that said above entitled cause has been adjudicated and a judgment has been rendered therein, and an appeal was taken from same by said co-defendants, to the Supreme Court of Arkansas, where said judgment was affirmed."

Upon a hearing, the cause was submitted to the court below on appellants' motion, appellee's response and demurrer thereon, the record, pleadings and evidence in the original case of *Tolbert* v. *J. M. Crump, R. R. Murray and M. T. Loggains, et al., supra,* and after taking the cause under advisement, the court on May 5, 1947, entered a decree overruling the motion of appellants and dismissed same for want of equity.

This appeal followed.

On the record presented, we hold that the decree of this court, *supra* is *res judicata* of any and all claims presented by appellants in the present suit and that the decree of the trial court was correct and should be affirmed.

The defense of *res judicata* was alleged, *supra,* by appellee when he questioned the jurisdiction of the court "for the reason that said above entitled cause has been adjudicated and a judgment has been rendered therein,

and an appeal was taken from same by said co-defendants, to the Supreme Court of Arkansas, where said judgment was affirmed."

We said in *Robertson* v. *Evans,* 180 Ark. 420, 21 S. W. 2d 610, that "the test in determining a plea of *res judicata* is not alone whether the matters presented in a subsequent suit were litigated in a former suit between the same parties, but whether such matters were necessarily within the issues and might have been litigated in the former suit."

In *Gosnell Special School District No. 6* v. *Baggett,* 172 Ark. 681, 290 S. W. 577, a case in point here, we held: (Headnote 2). "A decree restraining plaintiffs from teaching a certain school held *res judicata* of their subsequent action for damages for breach of their contract to teach, where the former decree necessarily implied a finding that plaintiffs had no contract to teach, and it is unimportant that plaintiffs asked no affirmative relief for breach of the contract in the prior suit." (Headnote 3). "The judgment or decree of a court of competent jurisdiction operates as a bar to all defenses, either legal or equitable, which were interposed or which could have been interposed in the former suit."

In the former suit in which appellants and appellee were active parties, appellants as above indicated affirmatively asked for the relief which they now seek in the present suit. Their right to this relief could have been and should have been litigated and disposed of in the former suit. They failed to press their claim in the former suit to a conclusion and their attempt now to secure that relief comes too late. *Res judicata* bars them from such relief.

Finding no error, the decree is affirmed.