GYNGARD *v.* GARNER.

5-3306 382 S. W. 2d 369

Opinion delivered September 28, 1964.

[Rehearing Denied October 26, 1964.]

*Bon McCourtney* and *Claude B. Brinton,* for appellant.

*W. G. Wiley,* for appellee.

PAUL WARD, Associate Justice. This is a taxpayer's suit to recover (for the benefit of Izard County) the rental value of county road machinery allegedly used by Lloyd Garner (County Judge of said county) in constructing ponds, terraces, etc. on private property. Garner, appellee, filed a motion to dismiss the complaint which was sustained by the trial court. Appellants failed to plead further, their complaint was dismissed, and this appeal follows.

This litigation stems from our decision in *Needham* v. *Garner, County Judge,* 233 Ark. 1006, 350 S. W. 2d 194, decided October 16, 1961. In that case we upheld the right of a taxpayer to maintain a suit in chancery court to enjoin Garner (who was and still is the County Judge of Izard County) from using county road machinery to construct ponds, terraces, etc. on private property.

The present suit was also brought by a taxpayer in circuit court (for the benefit of the county) to recover

from the same Lloyd Garner the rental value of the county road machinery used as described in the *Needham* case. The record in this case contains the complaint and the decree in the *Needham* case which were introduced by appellee with the approval of the trial court.

After various pleadings were filed by both parties (including a complaint and amended complaint) appellee filed a "Motion to Dismiss" on the grounds that . . . "the complaints of the plaintiff fail to state a cause of action" and because the "court is wholly without jurisdiction". The said motion to dismiss was sustained by the trial court using the following language: "It is determined that the defendant's motion to dismiss, which contains some aspects of a demurrer, should be sustained . . ."

A careful study of our former decisions leads us to conclude that the judgment of the trial court must be affirmed. In *Robertson* v. *Evans,* 180 Ark. 420, 21 S. W. 2d 610, we affirmed a decree in chancery holding the former suit to redeem land and declare a deed a mortgage to be *res judicata* of a subsequent suit by the grantor to recover rents and damages for waste by defendants, although the grantor failed to assert such claim in the original suit. We there said:

> "The test in determining a plea of *res judicata* is not alone whether the matters presented in a subsequent suit were litigated in a former suit between the same parties, but whether such matters were necessarily within the issues and might have been litigated in the former suit. *Gosnell Special School Dist. No. 6* v. *Baggett,* 172 Ark. 681, 290 S. W. 577; *Cole Furniture Co.* v. *Jackson,* 174 Ark. 527, 295 S. W. 970; *Prewitt* v. *Waterworks Imp. Dist. No. 1,* 176 Ark. 1166, 5 S. W. 2d 735".

The same issue of *res judicata* was involved in the case of *Olmstead* v. *Rosedale Bldg. & Supply, et al.,* 299 Ark. 61, 313 S. W. 2d 235, in which this Court affirmed the holding in the *Robertson* case quoting extensively therefrom on page 65 of the Arkansas Reports. For other de-

cisions to the same effect see *Crump* v. *Loggains,* 212 Ark. 394, 205 S. W. 2d 846 and *Timmons* v. *Brannan,* 225 Ark. 220, 280 S. W. 2d 393.

The rule above announced is applicable to the case here under consideration. It is not contended by appellant that appellee has misused any of the county road machinery since the decision in the *Needham* case. It is obvious therefore that all claims here asserted arose before, and could have been litigated in, that case.

Affirmed.

McFADDIN, J., concurs.

ED. F. McFADDIN, Associate Justice (concurring). I concur in the result reached by the Majority because I am firmly of the opinion that the demurrer was properly sustained to the amended complaint. In the amended complaint (on which the appellants stood) there are these allegations: ". . . that the defendant was and is at all times hereinafter mentioned and set forth the duly elected and qualified County Judge of Izard County. That the defendant herein named, as such Judge, was in direct control of all property, real and personal, belonging to and owned by said County . . ."

It is thus clear that appellee Garner was sued because of acts he did as County Judge; and the case of *Hutson* v. *State,* 171 Ark. 1132, 287 S. W. 398, is directly in point, to the effect that a County Judge may not be made personally liable for acts that he does as County Judge. I consider the above case ruling here. Thus I never reach the matter of *res judicata,* since I am firmly of the opinion that the demurrer should have been sustained in accordance with our holding in *Hutson* v. *State, supra.*