## Carol McLaughlin MOORMAN *v.*
## Tommie C. CHISLER

73-274                                    506 S.W. 2d 840

### Opinion delivered March 25, 1974

*Murphy, Carlisle & Taylor*, for appellant.

*Carl M. Harness*, for appellee.

J. FRED JONES, Justice. This is an appeal by Carol McLaughlin Moorman from a chancery court order dismissing her petition on the ground that a prior decree pertaining to the ownership and possession of land was res judicata to her subsequent petition for the removal of buildings from the land.

On August 17, 1971, Carol McLaughlin Moorman filed a petition in the Washington County Chancery Court against Tommie C. Chisler alleging that she, Moorman, was the owner of the land here involved that she and her predecessors in title had occupied and been in possession of the land for more than seven years, and that she derived her title "by an agreement entered into between plaintiff's father and mother, Everett James McLaughlin and Jo McLaughlin, husband and wife, and defendant's deceased husband, Joseph C. Chisler, more than seven (7) years ago." Mrs. Moorman alleged that she obtained her water supply to the premises from a source on lands claimed and occupied by

Chisler; that Chisler had cut off the water supply and was claiming some interest in the property involved. The petition then prayed that title to the described lands be quieted in her and that Chisler be enjoined from interfering with the water supply and for all proper relief.

Tommie C. Chisler filed an answer denying that Moorman had any interest at all in the property either legal or equitable, and that Chisler should have a writ of possession against Moorman for the described premises and that the title thereto should be quieted in Chisler. Chisler also prayed for a writ of possession and that the title be quieted in her.

On February 21, 1972, at a trial on the merits, the chancellor entered a decree sustaining Chisler's demurrer to the evidence offered by Moorman and dismissed Moorman's petition. The chancellor's decree concluded as follows:

"Title to the above premises is quieted and confirmed in the defendant, Tommie C. Chisler, and the plaintiff, Carol McLaughlin Moorman, and her privies are hereby ordered and directed to surrender the above described premises to the defendant, Tommie C. Chisler."

No appeal was taken from this decree but on February 16, 1973, Mrs. Moorman filed her petition in the Washington County Chancery Court against Tommie C. Chisler alleging that she was the plaintiff in the original suit and that Chisler was the defendant. She again alleged possession of the property for more than seven years and alleged that Chisler was in possession of the property under the writ of possession issued in the previous case. Mrs. Moorman then alleged that she had previously entered into possession of the premises with the acquiescence, agreement and encouragement of Chisler and her deceased husband and, at the request of Mrs. Chisler, had constructed a house on the premises with the understanding that the house would be the property of Mrs. Moorman and her mother and father. She alleged that the house had been so constructed; that it is of the value of $10,-000; that Chisler was retaining possession of same under the prior order of the court for possession; that the house could be removed from the property without damage to the land,

and Mrs. Moorman prayed for an order allowing her to remove the house and for an order restraining Chisler from interfering with such removal. In the alternative she prayed judgment against Chisler for the value of the improvements in the amount of $10,000. In answer to the petition Chisler pleaded the defense of res judicata and subsequently filed a motion for summary judgment.

On July 13, 1973, the chancellor entered an order granting Chisler's motion for summary judgment and dismissing Moorman's petition on findings recited as follows:

" . . . [T]he Judgment of this Court entered in case No. 22306 on April 26, 1972, concluded the rights and interests of the parties in and to the real property herein and the improvements thereon; that the said prior Judgment is res judicata as to the matters in issue as set forth in plaintiff's complaint, and for reason thereof, defendant is entitled to judgment against plaintiff as a matter of law."

On her appeal to this court Mrs. Moorman contends that the chancellor erred in ruling that the ownership of the improvements on real property was res judicata. We are of the opinion that the chancellor was correct.

The test on a plea of res judicata was clearly stated in the case of *Robertson* v. *Evans*, 180 Ark. 420, 21 S.W. 2d 610, wherein this court said:

"The test in determining a plea of res judicata is not alone whether matters presented in a subsequent suit were litigated in a former suit between the same parties, but whether such matters were necessarily within the issues and might have been litigated in the former suit. *Gosnell Special School Dist. No. 6* v. *Baggett,* 172 Ark. 681; *Cole Furniture Co.* v. *Jackson,* 174 Ark. 527, 295 S.W. 970; *Prewett* v. *Waterworks Imp. Dist. No. 1,* 176 Ark. 1166, 5 S.W. 2d 735."

See also *Pulaski County* v. *Hill,* 97 Ark. 450, 134 S.W. 973.

In *Gaither* v. *Campbell,* 94 Ark. 329, 126 S.W. 1061, this court said:

"It is clear that the decree declaring a lien against Mrs. Gaither's interest in the lands was erroneous. The court had, at a previous term, rendered a decree quieting her title, and nothing was said therein about the value of the improvements. That decree was not appealed from, and became final with the expiration of the term. Thereafter, the court had no power to alter it, and it was a complete adjudication of all the issues presented by the pleadings. This of course included the claim for improvements. The betterment statute provides that the claim of an occupant for improvements shall be adjudicated in the same action in which the title is adjudicated 'before the court rendering the judgment shall cause possession to be delivered to the successful party.' Kirby's Dig., § 2754 *et seq* . . . . Of course, a trial court may at one term adjudicate the title and withhold possession, reserving for further investigation the question of improvements, etc., in which case the judgment would not be final. *Hargus* v. *Hayes,* 83 Ark. 186; *Brown* v. *Norvell,* 88 Ark. 590. But in the present case the decree in Mrs. Gaither's favor was final, and left no issue undetermined. Nothing was reserved for further determination. Therefore, it could not be reopened later, so as to render a decree for improvements."

We are of the opinion that the chancellor committed no error and that the order must be affirmed.

Affirmed.