THORNBROUGH, COMMISSIONER OF LABOR *v.* BARNHART.

5-2217                                     340 S. W. 2d 569

Opinion delivered December 5, 1960.

*Lowell D. Gibbons* and *Luke Arnett,* for appellant.

*Bass Trumbo* and *E. J. Ball,* for appellee.

JIM JOHNSON, Associate Justice.   On October 23, 1953, the Commissioner of Labor filed a Certificate of Assessment in the amount of $109.35 for unpaid unemployment contributions against Ralph C. Barnhart in the office of the Circuit Clerk of Washington County. Appellee Barnhart filed a petition for review in the Chancery Court of Washington County and prayed that the Chancellor quash the assessment and expunge it from

the record because the assessment had been made without appellee's having been afforded a hearing regarding appellee's liability for contributions as an employer under the terms of the Arkansas Employment Security Law. The Chancellor held that the Commissioner of Labor had not followed the procedure prescribed by the Act affording appellee an opportunity to be heard before filing such assessment and ordered the assessment expunged from the record without prejudice to the Commissioner.

Thereafter the Commissioner instituted proceedings in accordance with the procedure the trial court found to be requisite for filing assessments and a hearing was held before the Commissioner and appellee was found to be indebted for taxes in the amount of $109.35, together with interest thereon from October 22, 1953, until paid. This finding by the Commissioner was appealed to the Board of Review by appellee on the ground that the matter was *res judicata* because of the decree entered by the Chancellor in the prior proceedings.

On May 24, 1956, the Board of Review held that the decree of the Chancery Court which was based upon technical defects in the procedure followed by the Commissioner in filing the assessment was *res judicata* regarding the matter of whether appellee was indebted for taxes; and further, that because this question was *res judicata* there was no liability for taxes on the part of appellee. The Commissioner appealed this determination of the Board of Review to the Pulaski Circuit Court; the Pulaski Circuit Court sustained the determination of the Board of Review by a final judgment; and this appeal is from that final judgment.

For reversal, appellant relies upon the following points: (1) The Court erred in holding the issues made before the court *res judicata* under the Washington Chancery Court decree for the reason that the issues now involved were not before the court in the proceedings in

which the decree was entered. (2) The Court erred in holding that the Chancellor's decree entered "without prejudice to J. R. Cash, Commissioner of Labor" was a final judgment rendering the issues in this matter *res judicata*. (3.) The Court erred for the reason that "to expunge from the record" does not embrace a judicial or equitable determination of an issue, but denotes a physical act of obliteration, leaving the record, for all purposes, as if that "expunged" had never occurred.

The basic issue before this Court is whether the proceeding in the Washington Chancery Court, wherein the sole question determined was that of technical procedure required by the Commissioner of Labor in filing a valid certificate of assessment, renders the merits of the claim for employment security contributions *res judicata* thereby defeating the right of the Commissioner to collect the contributions claimed.

There have been two proceedings in the instant case. In the first proceeding the record before this Court does not reflect that the question concerning the merits of the claim for contributions was tried but that a technical defense, *i. e.*, that the procedure followed by the Commissioner of Labor in filing the Certificate of Assessment did not fulfill the requirements of the Arkansas Employment Security Law. Appellee's technical defense was successful in that proceeding and the Chancellor issued his decree expunging the assessment from the record without prejudice to the Commissioner of Labor. Appellee now seeks to prevent the claim for contributions being processed and collected by raising the defense of *res judicata,* although the merits of the claim were not in issue when the first defense of improper procedure was used.

Appellee did not raise any issue concerning the merits of the claim for taxes. To the contrary, appellee's petition for review filed in the Washington Chancery Court was based solely on the ground that the certificate of assessment was not founded on a finding of fact which

could be reviewed by the Chancery Court. Therefore, we conclude that the merits of the claim of the Commissioner of Labor for contributions from appellee was not in issue but only the question whether appellee was entitled to a hearing on the merits before an assessment was filed; and if he was entitled to such a hearing whether the failure to afford him the opportunity for a hearing was a fatal defect in the procedure for filing a certificate of assessment by the Commissioner of Labor. The trial court was correct in holding that the failure to afford appellee such a hearing was a fatal procedural defect and in issuing the order to "expunge the assessment from the record without prejudice to the Commissioner of Labor."

Having thus concluded, we reach the question whether such order is *res judicata* in the present case. The general rule applicable to this question is well stated in 30 Am. Jur. under the title of Judgments, p. 925, Sec. 180:

"The rule granting conclusiveness to a judgment in regard to issues of fact which could properly have been determined in the action is limited to cases involving the same cause of action. The established rule is that the judgment in the first action operates as an estoppel only as to the points or questions actually litigated and determined, and not as to matters not litigated in the former action, even though such matters might properly have been determined therein. Accordingly, before the doctrine of res judicata is applied in such cases, it should appear that the precise question involved in the subsequent action was determined in the former action. These rules prevail whether the judgment is used in pleading as a technical estoppel, or is relied on by way of evidence as conclusive per se."

Appellee very forcefully argues that the rule set out in *Crump* v. *Loggains,* 212 Ark. 394, 205 S. W. 2d 846, should apply to the case at bar. There the Court said:

"The test in determining a plea of *res judicata* is not alone whether the matters presented in a subsequent suit were litigated in a former suit by the same parties

but whether such matters were necessarily within the issues and might have been litigated in the former suit."

There is nothing in the record to show that the matter of appellee's liability for taxes was in issue nor that such liability was necessarily in issue. See Harvard Law Review, Vol. 65, p. 818, *et seq.*

Based upon the facts in the present case. as we view it, the rule applicable here is stated in *Chiotte* v. *Chiotte*, 225 Ark. 101, 279 S. W. 2d 296, as follows:

"In the application of the doctrine of *res judicata,* if it is doubtful whether a second action is for the same cause of action as the first, the test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both . . . if, however, the two actions rest upon different sets of facts . . . a judgment in one is no bar to the maintenance of the other. It has been said that this method is the best and most accurate test as to whether a former judgment is a bar in subsequent proceedings between the same parties, and it has been designated as infallible."

The Chancellor in his decree recited that the act of expunging the assessment from the record was done *without prejudice* to the Commissioner. There can be no merit in the contention made by appellee that such action was a final judgment on the merits since the rule in Arkansas as restated by this Court in the case of *Baughman* v. *Overton*, 183 Ark. 561, 37 S. W. 2d 81, is as follows:

"A judgment dismissing a suit *without prejudice* is not *res judicata* in a subsequent suit involving the same parties and issues." [Emphasis ours.]

See also: *Jordan* v. *McCabe*, 209 Ark. 788, 192 S. W. 2d 538. We believe that the Chancellor recognized that it would be inequitable and would defeat the ends of justice to bar a valid claim by the Commissioner of Labor on technical procedural grounds and entered his decree "without prejudice" which phrase is universally under-

stood to preserve to the parties the right to proceed anew in order that the case may be tried on its merits.

The term "expunge" is defined in Black's Law Dictionary, 4th Ed. p. 693 as: "To destroy or obliterate; *it implies not a legal act but a physical annihilation.* To blot out; efface designedly; to strike out wholly." [Emphasis ours.] It is our holding that the certificate of assessment then of record had no legal force and effect as a judgment against appellee Barnhart but we cannot read into this physical act of striking the assessment from the record [because of procedural defects] a bar to further proceedings on the merits of the case since no determination was ever made as to appellee's liability as an employer under the terms of the Employment Security Act. Since the issues now involved were not before the trial court when the decree was entered, we cannot say that the prior decree was *res judicata.*

Reversed and remanded to the Circuit Court with directions to remand to the Board of Review for further proceedings consistent with this opinion without prejudice to either party to introduce additional evidence upon the merits.

McFADDIN, J., concurs.