STATE ex rel. M. B., Relator,

v.

Richard J. BROWN, Judge,
etc., Respondent.

No. 37089.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 27, 1976.

Whaley & McAuliffe, Clyde C. Farris, Jr., Clayton, for relator.

Thomas W. Shannon, Pros. Atty., J. Glennon McKenna, Asst. Pros. Atty., St. Louis, for respondent.

WEIER, Presiding Judge.

This is an original proceeding in mandamus to compel the St. Louis Court of Criminal Correction to "expunge, eradicate and physically destroy" all of that court's records of M. B.'s arrest, trial and conviction for the illegal possession of marijuana. The controversy arises out of the interpretation of the word "expunge" as used in § 195.290, RSMo 1969. This section authorizes an offender who was twenty-óne years

of age or younger at the time of the offense to apply to the court which sentenced him to expunge from all official records any recordations of his arrest, trial and conviction after completing his full probationary period. *State of Missouri v. Kraus,* 530 S.W.2d 684, No. 59,135 (Mo.banc 1975). As stated in *Kraus:* "The basic intent of the legislature when it enacted Section 195.290 was to provide a procedure whereby a youthful offender under Chapter 195, who had been convicted and placed on judicial probation and who was shown to have been free from further transgression could move to have the record expunged and be relieved from the life-long burden of a criminal conviction with all of its detrimental results."

After completing his probationary period, relator filed a motion for an order to expunge the records concerning his arrest, trial and conviction. The suggested order submitted to the court with the motion required that these records be "expunged and eradicated". The court modified this by adding the phrase "and sealed to be opened on court order only". Thereafter relator filed his petition for mandamus in this court, asking us to require the court to "expunge, eradicate and physically destroy" all of his records concerning his arrest, trial and conviction for illegal possession of marijuana. To our alternative writ, respondent has moved to dismiss the writ for the reason that the order of the court was an appealable order and that the proper remedy was therefore by direct appeal to this court and not by mandamus. For his return to the alternative writ, respondent judge admits the facts as alleged in the petition with respect to the eligibility of M. B. to have his records expunged but contends that the legislature did not intend by the term "expunge" the total destruction of records established by statutes, some of which require the clerk of the Court of Criminal Correction to make and certify to the auditor of St. Louis City a detailed statement of all fines, penalties and forfeitures imposed by the court. Respondent urges, to support his position, that §§ 483.- 395, 483.410, 483.530, 483.541 and 483.545, RSMo 1969, are mandatory in their terms and require certain actions to be taken by the clerk of the court, which actions would be impossible to carry out if the records were to be physically destroyed. The respondent further points out that it would be difficult to audit the court's books if such records were totally destroyed.

■ We first consider respondent's contention that the order of the court was an appealable order and that mandamus is not the proper remedy. As a general rule, mandamus will not lie where there is another plain, speedy and adequate remedy at law. *State ex rel. Coffman v. Crain,* 308 S.W.2d 451, 454[3] (Mo.App.1958). But it is well settled that this other remedy must be equally as convenient, beneficial and effective as mandamus. *State ex rel. Reis v. Nangle,* 349 S.W.2d 508, 512[6] (Mo.App. 1961). Here the court had granted the relief requested in relator's motion to expunge. In addition to the relief requested, the court had sealed the file and placed it in protective custody. If this went beyond the discretion allowed the court by the statute, it placed the court in the position of doing a nondiscretionary act contrary to the directions of the law. If respondent was without jurisdiction to do this nondiscretionary act, then mandamus is a proper remedy to correct such lack of jurisdiction. *State ex rel. Apco Oil Corporation v. Turpin,* 490 S.W.2d 400, 407[11] (Mo.App.1973). In view of our determination of the case on its merits, mandamus was the proper remedy.

Relator, to sustain his position that the records be physically destroyed, contends that the definition of "expunge", as contained in Black's Law Dictionary (West Publishing Company 1951), page 693, should be followed. There the term is defined as: "Means to destroy or obliterate; it implies not a legal act, but a physical annihilation.

*Andrews v. Police Court of City of Stockton,* Cal.App., 123 P.2d 128, 129 [1942]. To blot out; to efface designedly; to obliterate; to strike out wholly. Webster."

In *Andrews,* the source of the first part of Black's definition, the lower court had denied a motion to expunge records of a guilty plea on the grounds that the court had no jurisdiction to consider the case. Mandamus was sought to compel the court to expunge from its records a void judgment. The writ was denied on the grounds that no statute authorized this relief. In discussing the word "expunge", the court stated: "The latter term means to destroy or obliterate. Webster's New International Dictionary, 2d Ed. It implies not a legal act, but a physical annihilation." 123 P.2d at 129. This definition has been followed since in *Thornbrough v. Barnhart,* 232 Ark. 862, 340 S.W.2d 569, 571 (1960) and *Application of Brandon,* 131 N.Y.S.2d 204, 206 (Sup. Ct.1954). In *Dubnoff v. Goldstein,* 385 F.2d 717, 724 (Second Circuit 1967), however, the word is construed to mean "deleted" or "cancelled". There the word acted upon a court record. In *Natalizia v. Atlantic Tubing & Rubber Co.,* 81 R.I. 515, 105 A.2d 190, 192 (1954), where a motion to expunge a medical record had been filed in a case, the court held the term "expunge" to mean "to blot out, efface, obliterate, or cancel."

Webster's Third New International Dictionary ascribes the origin of "expunge" to the Latin verb "expungere" meaning "to mark for deletion by dots placed above or below". It gives as its primary meaning "to strike out, obliterate, or mark for deletion * * * to obliterate * * *." It also gives as a second meaning physical destruction or annihilation.

■ In considering the intent of the legislature when it used the term "expunge" in § 195.290, *supra,* we follow the primary rule of statutory construction to ascertain intent from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. *State v. Kraus, supra,* 530 S.W.2d 684, No. 59,135 (Mo.banc 1975). Our statute provides that a youthful offender who has successfully completed his period of probation may apply to the court which sentenced him "for an order to expunge from all official records * * * all recordations of his arrest, trial and conviction." By use of the word "from", it is evident that the legislature intended "expunge" to mean "to strike out, blot, obliterate, delete or cancel" that part of the record which identifies it with the offender. It does not call for destruction or annihilation of the records themselves. On the other hand, the requirements of the statute are not met by placing the records in an envelope, sealing them, and retaining them in protective custody. As a practical matter, all records which must be retained by the court and which are identified in any way with the arrest, trial and conviction of the offender, should have all references to him eliminated. This may be done by striking out, blotting, obliterating or in any permanent manner completely concealing or excising the name of the offender, his address and any other identification which might associate him with the records of the court. This may be done through the use of ink, chemical or mechanical means just so long as there is no way to read defendant's name or address, or any other identifying words or numbers. All other papers which are not needed for the court's records and files may be destroyed, or, if the court needs certain portions of them, then the same procedure should be followed with respect to them. No part of the file or record should be placed in an envelope or other package with the offender's name or identification thereon and kept under protective custody.

■ Once the court here determined relator had successfully completed his probationary period and was entitled to relief under § 195.290, relator was entitled to an order to expunge from all official records

all recordations of his arrest, trial and conviction. When the court also determined that the records should be sealed and opened only under court order, it was directing and authorizing action beyond that mandated by the statute. In so doing, this placed the court in the position of doing a nondiscretionary act contrary to the directions of the law. This being true, our peremptory writ of mandamus should issue to correct this excess of jurisdiction.

Respondent's motions to dismiss and quash the alternative writ of mandamus are denied. Relator's motion for judgment on the pleadings is denied. The peremptory writ of mandamus shall issue in accordance with this opinion.

DOWD and RENDLEN, JJ., concur.