JAMES L. CARLSON, District Attorney, Walworth County
You have requested my opinion on the meaning of the word "expunged" as used in sec. 973.015, Stats., which reads:
 "(1) When a person under the age of 21 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum penalty is imprisonment for one year or less in the county jail, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition. *Page 302 
 "(2) A person has successfully completed the sentence if the person has not been convicted of a subsequent offense and, if on probation, such probation has not been revoked. Upon successful completion of the sentence the detaining or probationary authority shall issue a certificate of discharge which shall be forwarded to the court of record and which shall have the effect of expunging the record."
In your letter you state:
 "Presently in this County, expungement is being interpreted to mean placing the record in a sealed envelope and stamping it `expunged.' The record is not being ordered destroyed or annihilated."
The practice employed in your county is practical, but in my opinion it does not comply with the common and ordinary meaning of the word "expunge" nor does it comply with the requirements of the act.
The general rule is that words in a statute are to be construed according to their popular, common and approved usage, sec.990.01 (1), Stats.; Hochgurtel v. San Felippo, 78 Wis.2d 70,253 N.W.2d 526 (1977).
In Webster's Seventh New Collegiate Dictionary, "expunge" is defined as:
 "1: to strike out, obliterate, or mark for deletion 2: annihilate."
Black's Law Dictionary, Rev. 4th Ed. (1972), defines "expunge" in a similar manner:
 "EXPUNGE. Means to destroy or obliterate; it implies not a legal act, but a physical annihilation . . . to blot out; to efface designedly; to obliterate; to strike out wholly."
The practice of placing the record in a sealed envelope or, in other words, sealing the record does not fall within the concept of expunging the record.
Section 973.015, Stats., was created by ch. 39, Laws of 1975. Our court has not yet construed the statute. Those jurisdictions that have had the occasion to consider the meaning and intent of the word *Page 303 
"expunge" have generally held to the dictionary definition.Thornbrough v. Barnhart, 232 Ark. 826, 340 S.W.2d 569 (1960);Andrews v. Police Court of City of Stockton, Cal. App., 123 P.2d 128,129 (1942); Application of Brandon, 131 N.Y.S.2d 204 (1954). In State ex rel. M. B., Relator v. Brown, 532 S.W.2d 893 (1976), the court was concerned with a statute and court practice similar to the situation in question. In this case, the Missouri court of appeals held:
 "In considering the intent of the legislature when it used the term `expunge' in sec. 195.290, supra, we follow the primary rule of statutory construction to ascertain intent from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. State v. Kraus, supra, 530 S.W.2d 684, No. 59,135 (Mo.banc 1975). Our statute provides that a youthful offender who has successfully completed his period of probation may apply to the court which sentenced him `for an order to expunge from all official records *** all recordations of his arrest, trial and conviction.' By use of the word `from', it is evident that the legislature intended `expunge' to mean `to strike out, blot, obliterate, delete or cancel' that part of the record which identifies it with the offender. It does not call for destruction or annihilation of the records themselves. On the other hand, the requirements of the statute are not met by placing the records in an envelope, sealing them, and retaining them in protective custody." (532 S.W.2d at p. 896)
It might be argued that a distinction may be drawn between an "order . . . that the record be expunged" and an "order to expunge from all official records . . .", the latter requiring the destruction of the records and the former requiring only that the records be sealed in an envelope marked "expunged." Such a distinction, however, renders the statute inconsistent with the ordinary usage of the word "expunge." Consequently, "expunging" the record by placing it in a sealed envelope and stamping it "expunged" neither comports with the common usage of the word or the requirements of sec. 973.015, Stats.
It is a rule of statutory construction that the meaning of a section of a statute must be derived from consideration of the statute as a whole. State v. Wachsmuth, 73 Wis.2d 318,243 N.W.2d 410 *Page 304 
(1976). In subsec. (1) of sec. 973.015, Stats., the court may order expunction at the time of sentencing on the condition of successful completion of the sentence. As stated previously, "expunction" is the striking out or obliteration of the record and has been generally held to be not a legal act but a physical annihilation. Dubnoff v. Goldstein, 385 F.2d 717 (1967);Application of Brandon, supra.
Subsection (2) provides that the filing of the certificate of discharge "shall have the effect of expunging the record." One reading of subsec. (2) could be that no physical act of striking or obliterating the name and identity of the defendant is required. The mere filing of the certificate of discharge, by operation of law, expunges the record. Such an interpretation, however, renders the statute unreasonable and absurd in light of the common meaning of "expunge." Therefore, considering the statute as a whole, I am of the opinion that the phrase "which shall have the effect of expunging the record" in subsec. (2) must be construed to mean that the filing of a certificate of discharge will give notice to the clerk of courts to physically strike from the record all references to the name and identity of the defendant.
BCL:CAB