**STATE ex rel. Phillip Anthony
CURTIS, Relator,**

v.

**The Honorable John CROW, Judge, 31st
Judicial Circuit, Greene County,
Respondent.**

No. 60503.

Supreme Court of Missouri,
En Banc.

May 17, 1979.

Ronald Holmes, Yates, Mauck & Robinett, Inc., Springfield, for relator.

Lincoln J. Knauer, Jr., Farrington, Curtis, Knauer, Hart & Garrison, Springfield, for respondent.

FINCH, Senior Judge.

This action in prohibition arises out of discovery proceedings by Springfield Newspapers, Inc., in a libel action instituted against it by the relator herein. Relator seeks to prohibit respondent judge from enforcing a portion of an order that the prosecuting attorney of Greene County produce his files concerning two earlier cases involving relator. We now make permanent the provisional rule in prohibition previously entered.

Relator's petition in his libel suit is stated in eleven counts. Each count relates to a separate statement appearing in the newspaper concerning plaintiff's arrest on suspicion of child abuse. The allegedly libelous statements recited that relator had inflicted venereal disease on his 3-year-old son by reason of buggery. Plaintiff alleged each statement to be libelous per se and claimed numerous items of actual damages. These include mental anguish, suffering and distress, inability to gain work on occasions, inability to gain an advancement in employment, loss of esteem, society and the benefit of personal association from trust, and various other injuries. For purposes of this action in prohibition, the most significant allegation of damage is impairment of relator's reputation and standing in the community. The newspaper's answer to the petition admitted each statement but denied all allegations that such statements were libelous or that they caused the injuries alleged.

On November 9, 1977, defendant newspaper served relator with a notice to take depositions and a carbon copy of a subpoena duces tecum addressed to James M. Kelly, the prosecuting attorney for Greene County. The subpoena ordered Mr. Kelly to produce at this deposition certain records and documents, allegedly kept in his official capacity as prosecutor, which relate to two separate incidents in the relator's past. The subpoena first directed Mr. Kelly to produce "[a]ll notes, pleadings, trial preparation materials, records of interviews, letters, correspondence, and all other writings and/or tape recordings or transcripts thereof now in [his] possession, whether originally prepared by [him] or [his] staff or forwarded to [him] by others, pertaining to the case of *State of Missouri v. Phillip Anthony Curtis* * * * ." a 1975 case. This case was a prosecution for attempted buggery which was dismissed by the Magistrate Court of Greene County after a preliminary hearing. It was this incident which allegedly was incorrectly reported in the newspaper's articles. The subpoena also commanded Mr. Kelly to bring "all records, notes, memoranda, written documents of whatever nature, whether originally compiled by [him] or [his] staff, or that of [his] predecessor, or whether forwarded to [his] predecessor in office by other law enforcement personnel, concerning the investigation, arrest, and prosecution of Phillip Anthony Curtis for the possession, use or sale or attempted sale of prescribed or scheduled narcotics or drugs in any form whatever."

Upon receipt of the notice to take depositions and a copy of the subpoena duces tecum, relator's counsel filed in the circuit court a motion for protective order and a motion to quash the subpoena duces tecum. Respondent denied that motion. Thereafter, Mr. Kelly appeared for the taking of his deposition but refused to produce the documents specified in the subpoena duces tecum. He explained that in his opinion the

records of the prosecution for attempted buggery were, or might to considered to be, "closed records" under the provisions of § 610.100[1] and that, according to the records of the circuit clerk, an order to expunge pursuant to § 195.290[2] had been entered in the case involving narcotics or drugs. He stated that he would not produce his own records as to these cases unless ordered to do so.

Subsequently, the newspaper filed a motion for enforcement of discovery in the libel case. The respondent sustained that motion, ordering Mr. Kelly to appear for deposition and under pain of contempt to bring with him for inspection, copying and use in the deposition all material listed in the subpoena duces tecum.

Relator filed a petition for prohibition in the Missouri Court of Appeals, Southern District. That petition was denied and he then filed a petition in this court seeking to prohibit respondent from enforcing that part of the order which directs relator to produce for inspection, copying and use all documentary material contained in his file in the case involving a controlled substance.[3]

The petition for prohibition alleges that after Curtis served a successful term of probation on the charge of attempted possession of a controlled substance, an order of the court was obtained which expunged all official records of that conviction in accordance with § 195.290. Respondent's an-

swer alleged lack of knowledge concerning probation and an order of expungement and on that basis denied those allegations. In order to resolve the disputed issue this court directed the Circuit Court of Greene County to conduct a hearing concerning whether an order to expunge was entered and to make findings thereon, certifying same to this court.

The findings of fact made by the Circuit Court of Greene County have been received. They disclose that on April 19, 1972, Curtis was sentenced to jail by the Magistrate Court of Greene County on a charge of attempted possession of a controlled substance but that sentence was suspended for a year and Curtis was placed on probation. The court further found that on April 12, 1973, Curtis appeared by his attorney and moved that he be discharged from probation. That motion was granted. The court then sustained an additional motion to expunge the records relating to the case, the order stating that the records were ordered expunged and that the Sheriff's office should be notified to expunge all records pertaining to the case. Certified copies of the record made on April 19, 1972, and on April 12, 1973, are attached to the court's findings.

Respondent argues that the April 12, 1973 order to expunge is void on its face because it does not recite (1) that relator was under 21 at the time of the offense; (2) that a hearing was held on the motion to expunge; (3) that the court made reference to the

1. All statutory references are to RSMo 1969 unless otherwise indicated.

2. Section 195.290 RSMo 1975 Supp. provides:
   "After a period of not less than six months from the time that an offender was placed on probation by a court, such person, who at the time of the offense was twenty-one years of age or younger, may apply to the court which sentenced him for an order to expunge from all official records, except from those records maintained under the comprehensive drug abuse prevention and control act, as enacted in 1970, and all recordations of his arrest, trial and conviction. If the court determines, after a hearing and after reference to the *controlled dangerous substances registry*, that such person during the period of such probation and during the period of time prior to his application to the court under this

section has not been guilty of any offenses, or repeated violation of the conditions of such probation, he shall enter such order. The effect of such order shall be to restore such person, in the contemplation of the law, to the status he occupied prior to such arrest and conviction. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failures to recite or acknowledge such arrest or trial or conviction in response to any inquiry made of him for any purpose."

3. Relator does not seek in this proceeding to prohibit production by the prosecuting attorney of his file in the attempted buggery case.

controlled dangerous substances registry; (4) that relator was not guilty of other offenses during the period of probation; and (5) that relator was not guilty of repeated violations of the conditions of his probation. All of these, says respondent, are jurisdictional facts, required by § 195.-290, which must be recited in the order to expunge. Cited in support of this position is *Green v. St. Louis County,* 327 S.W.2d 291 (Mo.1959). It involved a collateral attack on an earlier proceeding in the County Court of St. Louis County wherein it was sought to establish a county road. The court found that the County Court record in said case did not show that the required statutory notice was given to landowners over whose property the road was to run. Such notice was held to be jurisdictional and its absence caused the judgment in the County Court proceeding to be null and void.

■ In the case against relator the Magistrate Court record clearly shows that the court had jurisdiction of the subject matter and of the person. The prosecuting attorney had filed an information charging relator with commission of a misdemeanor and relator and his attorney had appeared and the court entered a judgment which included probation. Thereafter, motions to be discharged from probation and to expunge were filed in that case by relator which the court acted upon. The five items which respondent claims should have been recited in the order to expunge are items of proof, not jurisdictional matters. The fact that the order to expunge does not recite that the court found each of these evidentiary matters does not make the order to expunge void on its face. The fact that they are not recited does not entitle respondent in this collateral attack to a holding that the order to expunge is a nullity.

■ In his supplemental brief, filed to address the question of whether the order to expunge was sufficient to constitute a valid order or whether it was void on its face, the respondent also seeks to raise the proposition that the order to expunge, even if valid, denies Springfield Newspapers, Inc., due process of law and equal protection of the law in violation of state and federal constitutional provisions. These questions were not addressed in respondents' brief which was filed when this proceeding in prohibition was briefed and orally argued. We will not consider them when belatedly raised in the supplemental brief which was permitted in order to allow respondent to question the sufficiency of the recitals in the order to expunge. The constitutional questions could and should have been briefed and argued when the case was submitted. They were waived by respondent.

■ It is relator's contention that as a result of the order to expunge entered pursuant to § 195.290, the respondent has no jurisdiction to order relator to furnish his file and the documents contained therein. There have been two cases interpreting § 195.290. *State v. Kraus,* 530 S.W.2d 684 (Mo. banc 1975), held that an applicant's probationary period must have terminated before he may apply for an order to expunge under § 195.290. *State ex rel. M. B. v. Brown,* 532 S.W.2d 893, 896 (Mo.App. 1976), held that "it is evident that the legislature intended 'expunge' to mean 'to strike out, blot, obliterate, delete or cancel' that part of the record which identifies it with the offender." Neither case dealt with application of the statute to records and documents not actually in the court file such as those in the prosecutor's files. Therefore, we must look to the language of the statute to ascertain legislative intent on this question.

Section 195.290, which is remedial in nature, provides that after successful completion of six months probation an offender who was twenty-one years of age or younger at the time of committing an offense under that chapter may apply for an order "to expunge from all official records, * * and all recordations of his arrest, trial and conviction." The chapter does not define "official records" nor does it define "all recordations of his arrest, trial and conviction." It does not say whether it also applies to other records such as a prosecutor's

file. However, the fact that the legislature intended broad rather than limited application of an order to expunge entered thereunder is apparent from the fact that the section specifies that when an offender meets the prerequisites of the statute and obtains an order to expunge, such offender is restored to the status occupied before arrest and conviction. In other words, it provides that the situation then becomes one in which it is as though the arrest, prosecution and conviction had never occurred.

Our conclusion as to the interpretation of the statute intended by the legislature is supported by the statute's additional provision that if *"in response to any inquiry made of him for any purpose"* (emphasis added), the offender does not acknowledge that such arrest, prosecution and conviction occurred, the offender will not be guilty of perjury or making a false statement. This makes it crystal clear that the legislature intended that the prior arrest, prosecution and conviction not be used against the offender.

In view of this apparent purpose of § 195.290, we cannot accept respondent's contention that in providing for "official records" to be expunged, the section refers only to "public records" open and available to the public as under § 109.180 and that a prosecutor's working file is not such a record. Section 195.290 does not use the term "public records" nor does it make any reference to § 109.180, the section to which respondent calls our attention. If the restricted interpretation of "official records" and of "all recordations of his arrest, trial and conviction" contended for by respondent were adopted, the newspaper, by going to the public prosecutor's files, could accomplish by indirection that which the order to expunge clearly would prevent it from doing by means of the records of the court itself. Such a limited reading of the statute is not in harmony with the other provisions thereof to which we have made reference. In our judgment, the legislature did not so intend. We conclude and hold that an order to expunge "all official records" and "all recordations or arrest, trial and conviction" requires expunging all reference to the offender in the prosecutor's file as well as in the court files.

We are not persuaded to the contrary by *Garcia-Gonzales v. Immigration and Naturalization Service,* 344 F.2d 804 (9th Cir. 1965), a case relied on by respondent to support a narrow interpretation of expungement statutes. In that case a resident alien was charged with unlawful possession of heroin. She entered a plea of guilty and was placed on probation for three years. Subsequently, following a hearing to determine whether Garcia-Gonzales should be deported because of the conviction, she was ordered deported. After her probation terminated she was allowed, under a California statute, to withdraw her plea of guilty and enter a plea of not guilty. She then sought to reopen the deportation order on the ground that her conviction had been wiped out or expunged. The statute under which the plea of guilty was withdrawn contained no provision for expungement of the records in the case and the Board of Immigration Appeals denied her motion. This action was affirmed in *Garcia-Gonzales v. Immigration and Naturalization Service, supra.* The court noted that it must decide whether allowing withdrawal of the plea under the statute in question amounted to or resulted in expungement and it concluded that it did not. The case is not comparable to the situation with which we deal and is not persuasive as to how we should interpret § 195.290, an expungement statute.

■ Respondent next argues that even if the prosecutor's records are covered by § 195.290, relator has waived his right to have those records withheld because he has filed a libel suit in which he has put in issue his character and his reputation in the community. He relies on cases such as *McNutt v. Keet,* 432 S.W.2d 597 (Mo. banc 1968), wherein we held that by bringing an action for personal injuries, plaintiff waived the physician-patient privilege with reference to medical records covering the injuries for which recovery was sought. *McNutt* held

that in order to recover for injuries plaintiff necessarily would waive the privilege by her own testimony or by calling the doctor. Therefore, "once the matter of plaintiff's physical condition is in issue under the pleadings, plaintiff will be considered to have waived the privilege under § 491.-060(5) so far as information from doctors or medical and hospital records bearing on that issue is concerned." The testimonial privilege arising from the physician-patient relationship was waived.

■ Section 195.290 does not create a privilege in anyone not to testify. It directs that under certain circumstances the records concerning a prior arrest, prosecution and conviction of an offender are to be expunged. The situation is to be as though those things had not occurred. *McNutt* and the other cases cited by respondent on the issue of waiver of a testimonial privilege do not apply because there is no testimonial privilege to be waived.

■ Finally, respondent argues that even if the prosecutor's file contains records to which § 195.290 is applicable and which would be covered by the order to expunge previously entered, there may be information in the file which would not be records which are to be expunged. For example, argues respondent, "[t]he file may contain police reports of surveillance on Curtis, statements of witnesses who have seen Curtis in possession of narcotics, or seen him use narcotics, or arranged for him to buy and sell narcotics. It may contain information tending to show that Curtis was guilty of other crimes as well as the one for which he was convicted." For this reason it is argued by respondent that the file should be produced and that information made available. We disagree. The broad purpose expressed in § 195.290 shows, in our judgment, that the legislature did not contemplate permitting such examination and use of any portion of the prosecutor's file in a case in which an order to expunge has been entered. To interpret the statute in any other way would allow its evident purpose to be circumvented.

Provisional rule in prohibition is made permanent.

MORGAN, C. J., BARDGETT, DONNELLY and SEILER, JJ. and HOUSER, Special Judge, concur.

RENDLEN, J., concurs in result in separate opinion filed.

SIMEONE and WELLIVER, JJ., not participating because not members of the court when cause was submitted.

RENDLEN, Judge, concurring in result.

While not in complete agreement with the rationale of the principal opinion, and believing that the broad construction given the statute by the court today should not be extended beyond the particular facts of the case, I nevertheless concur in the result reached. The term "official records" used in § 195.290, RSMo 1969, has today been construed by the court to include the file of the prosecuting attorney who conducted the proceedings resulting in plaintiff's (defendant in the criminal cause) conviction. I would be strongly disinclined to extend the statute to include expunction or the withholding, as ordered here, of any other records not clearly covered by its language. In this connection, the holding in *State v. Kraus*, 530 S.W.2d 684 (Mo. banc 1975), should be reemphasized and it be remembered that only the record of drug related crimes are involved. Finally, the statute should not be viewed as establishing a restraint on the testimony of any person with knowledge of any drug related arrest, trial and conviction, the record of which has been expunged under this section.