# AREA AGENCY ON AGING OF WEST CENTRAL ARKANSAS, INC. *v.* William F. EVERETT, Director of the Department of Labor of the State of Arkansas; and Kenneth L. COON, Administrator of the Employment Security Division of the Department of Labor of the State of Arkansas

82-265                                    648 S.W.2d 467

## Supreme Court of Arkansas
### Opinion delivered April 4, 1983

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* by: *Alvin Laser,* for appellant.

*Bruce H. Bokony,* for appellees.

JOHN I. PURTLE, Justice. The Garland County Chancery Court dismissed appellant's petition for an injunction to prevent an illegal exaction and to quash a notice of assessment of contribution against appellant by the Employment Security Division of the Arkansas Department of Labor. Appellant argues the court erred in denying jurisdiction and by holding that appellant had been given notice and an opportunity for a hearing. We hold the court did have jurisdiction of the subject matter and that appellant did not have notice and an opportunity for a hearing. The case is reversed and remanded.

On October 2, 1981, Kenneth L. Coon, Administrator of the Employment Security Division, Arkansas Department of Labor, certified to William F. "Bill" Everett, Commissioner, Arkansas Department of Labor, a notice of assessment of contributions against the Area Agency on Aging of West Central Arkansas, Inc. The notice and assessment were purportedly given pursuant to Act 162 of 1953, creating a lien upon appellant's property. Appellant filed a petition to remove the lien as a cloud on the title to its property and to enjoin an illegal exaction. Appellee moved to dismiss the petition because it did not state facts upon which relief could be granted and further contending that chancery had no jurisdiction over the subject matter. The appellee relied upon Ark. Stat. Ann. § 81-1114 (b) (2) (Supp. 1981) as authority to levy the assessment against appellant. The chancellor held that appellant had not been denied notice and an opportunity to be heard under Ark. Stat. Ann. § 81-1114(b)(2) and that the court did not have jurisdiction to

determine appellant's status as an employer under Ark. Stat. Ann. §§ 81-1101, et seq. (Repl. 1976). The court further stated appellant's proper remedy concerning coverage liability was a hearing in accordance with § 81-1114 (b) (2). The court also stated appellant had failed to state facts showing appellees' actions contravened Art. XVI, Sec. 13 of the Constitution of the State of Arkansas.

Ark. Stat. Ann. § 81-1114 (b) (2) provides in part as follows:

> The Director may, upon his own motion, or upon application of an employing unit, and after notice and opportunity for hearing, make findings of fact and on the basis thereof, determinations with respect to whether an employing unit constitutes an employer and whether services performed for, or in connection with the business of an employing unit constitute employment for such employing unit. . . . an appeal may be taken from a determination made by the Director to the Board of Review on all matters with respect to coverage determined by the Director within fifteen (15) days after . . . delivery of such notice.

In the present case the director was acting upon his own motion, therefore, appellant had the right to appeal to the board of review within fifteen (15) days from the notice of assessment. Before the fifteen (15) days expired the appellant petitioned the chancery court for other relief. The record disclosed that no notice of the assessment had been given to the appellant and no administrative hearing had been had for the purpose of determining appellant's objections to the assessment. The provisions of § 81-1114 (b) (2) pertaining to a hearing were ignored and the assessment was made in reliance upon a former ruling of the board of review which had been affirmed, without written opinion, by the Court of Appeals.

Almost the same factual situation was presented in the case of *McCain, Commissioner of Labor* v. *Hammock, Chancellor*, 204 Ark. 163, 161 S.W.2d 192 (1942), where we held chancery court had jurisdiction pursuant to Art. XVI,

Sec. 13, Constitution of the State of Arkansas. In the case of *Thornbrough, Commissioner of Labor* v. *Barnhart,* 232 Ark. 862, 340 S.W.2d 569 (1960) we faced the question of whether the chancery court could quash an assessment by the Commissioner of Labor and held that it could. The chancellor had ordered the assessment expunged from the records because of failure to give notice and an opportunity for a hearing. The commissioner reissued the assessment, after a hearing, and the employer argued the first ruling was *res judicata.* The board of review held with the employer. We reversed and remanded with instructions to proceed with the case finding that *res judicata* did not apply. The same statute was involved in *Palmer* v. *Cline, Director,* 254 Ark. 393, 494 S.W.2d 112 (1973). Palmer filed a petition in the Chancery Court of Pulaski County seeking review of a commissioners' assessment against him for taxes under the Employment Security Act. The dispute was primarily whether chancery or circuit court had jurisdiction to hear the matter. We upheld the chancellor's ruling that chancery did not have jurisdiction to determine an employer-employee relationship pursuant to Ark. Stat. Ann. § 81-1114 (b) (2). We agreed that such disputes were properly brought in circuit court. However, in *Palmer,* the constitutional issue of illegal exaction was not involved as it was in *McCain* and *Thornbrough* as well as the case here under consideration.

The chancery court's jurisdiction on the matter of illegal exaction gives it authority to consider the petition. After obtaining jurisdiction on one subject the court had jurisdiction to consider the entire petition in the absence of a motion to transfer the matter to law court. The facts were fully developed as to matters which the petitioner desired to have adjudicated. It is obvious from the facts that appellant was not afforded the notice and opportunity for hearing as required by Ark. Stat. Ann. § 81-1114 (b) (2). The chancery court having properly obtained jurisdiction under the constitutional claim of illegal exaction and to remove a cloud upon title to real property, the chancellor should have considered the matter of notice and opportunity for a hearing. Therefore, the case is remanded to the Garland County Chancery Court with directions to remand the case to the Commis-

sioner of Labor and E.S.D. with directions to them to give appellant an opportunity to contest the decision that appellant is an employer under the terms of the act. Also, any assessment creating a lien against appellant arising from these same facts should be expunged from the record until appellant has been given notice and an opportunity for a hearing.

Reversed and remanded.