STATE of Missouri, ex rel. Claude
KNIGHT and Earlene
Knight, Relators,

v.

The Honorable Donald BARNES, Judge
of the Circuit Court of Pettis County,
Missouri, Respondent.

No. WD 38621.

Missouri Court of Appeals,
Western District.

Jan. 27, 1987.

Robert M. Liston, Robert B. Reeser, Jr., Sedalia, for relators.

Max E. Mitchell, Sedalia, for respondent.

Before BERREY, P.J., and
PRITCHARD and LOWENSTEIN, JJ.

BERREY, Judge.

In this proceeding in prohibition the respondent announced he would order the Prosecuting Attorney of Pettis County to open a closed nolle prossed criminal file for the purpose of civil litigation in a suit pending between relator and Sentry Insurance Company. In the pending civil suit, relators as plaintiffs therein have filed their first amended petition on contract alleging that Sentry Insurance Company has refused to pay a claim resulting from a theft loss to the Knights' business inventory and damage to the structure. At the time of the alleged theft, the Knights were holders of a policy covering the disputed loss; the policy was in effect and the premiums were paid. The party involved in the closed criminal file was neither the relators nor the insurance company.

The purpose of Sentry in seeking access to the closed criminal files is to discover if the file contains any evidence relative to a criminal investigation of a burglary allegedly involving an employee of relators.

Relator alleges four points of error: (1) trial court erred in ordering prosecuting attorney's secretary to open prosecuting attorney's investigative file, said file being closed pursuant to § 610.105, RSMo 1986; (2) the trial court erred by ordering the file opened since it is closed to the general public under § 610.120, RSMo 1986; (3) trial court erred in ordering the file opened as such records are available only to courts, administrative agencies, etc., for use within the criminal justice system and not for civil litigation; and (4) relators have an interest in and standing to enforce jurisdictional limits on discovery process.

Points I, II and III will be discussed collectively.

In 1973 the legislators passed what came to be called the "Sunshine Law." Contained therein was legislation addressing the subject of arrest records. Section 610.-100, RSMo Supp.1975, read as follows:

If any person is arrested and not charged with an offense against the law within thirty days of his arrest, all records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records to all persons except the person arrested. If there is no conviction within one year after the records are closed, all records of the arrest and of any detention or confinement incident thereto shall be expunged in any city or county having a population of five hundred thousand or more.

and § 610.105, RSMo 1973, read:

If the person arrested is charged but the case is subsequently nolle prossed, dismissed or the accused is found not guilty in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records to all persons except the person arrested or charged.

Section 610.115, RSMo Supp. 1975, provided that violation of § 610.100 or § 610.105 constituted a misdemeanor.

With this background, the records of arrest, dismissal or nolle prossed became closed to all save the person charged. Clerks and judges were placed in an untenable position of not being able to acknowledge existence of those records, even to themselves. In 1981 the legislature cured this defect. Following its revision § 610.-100, RSMo Supp. 1981, is as follows:

If any person is arrested and not charged with an offense against the law within thirty days of his arrest, official records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records except as provided in section 610.120.

and § 610.105, RSMo Supp. 1981, reads as follows:

If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except as provided in section 610.-120.

In 1981 the legislature made it a class A misdemeanor to knowingly violate provisions of §§ 610.100, 610.105, 610.106 and 610.120, RSMo Supp.1981.

It is, therefore, quite obvious that the intent of the legislature was to close these records to the general public. Section 610.-120, RSMo 1986, read in its entirety makes it abundantly clear that this is so:

Records required to be closed shall not be destroyed; they shall be inaccessible to the general public and to all persons other than the defendant except as provided in this section. They shall be available only to courts, administrative agencies, law enforcement agencies, and federal agencies for purposes of prosecution, litigation, sentencing, parole consideration and to federal agencies for such investigative purposes as authorized by law or presidential executive order. All records which are closed records shall be removed from the records of the courts, administrative agencies, and law enforcement agencies which are available to the public and shall be kept in separate records which are to be held confidential and, where possible, pages of the public record shall be retyped or rewritten omitting those portions of the record which deal with the defendant's case. If retyping or rewriting is not feasible because of the permanent nature of the record books, such record entries shall be blacked out and recopied in a confidential book.

Relator cites *State ex rel. Curtis v. Crow*, 580 S.W.2d 753 (Mo. banc 1979), as authority for his position against opening the prosecuting attorney's records. In *Curtis* the court was concerned with the application of § 195.290, RSMo Supp. 1975, vis-a-vis civil litigation. Chapter 195 is titled "Drug

Regulations" and § 195.290 specifically addresses expungement of the record in certain instances, and although §§ 195.290, 610.105 and 610.120 are all similar in intent, it may be said that § 195.290 is much more specific and the decision of the Supreme Court in *Curtis* is most authoritative on the subject of use of criminal records in civil litigation. *Id.*, 580 S.W.2d at 756–757. In *Curtis* the relator was successful in preventing the use of an "expunged" criminal file in the Greene County Prosecuting Attorney's office from being made available to the Springfield Newspapers, Inc., as an aid in its defense against a libel suit. *Id.*, 580 S.W.2d at 758.

The court in *State v. Young*, 636 S.W.2d 684, 686 (Mo.App.1982), noted that under § 610.120, RSMo Supp.1981, "closed records remain available for prosecution purposes." *Cf. State v. Buckhart*, 615 S.W.2d 565, 567 (Mo.App.1981); *State v. Anding*, 689 S.W.2d 745, 756 (Mo.App. 1985). Section 610.105 does not foreclose the state from using said closed file in a subsequent prosecution for the same or related offense.

■ Exceptions to record confidentiality is set forth in § 610.120. The statute states the records shall be available to designated bodies, i.e., courts, administrative and law enforcement agencies, for the purposes of "prosecution, litigation, sentencing, parole consideration. . . ." The respondent places great weight on the word "litigation" to aid in the discovery of the records sub judice. We note, however, a primary rule of statutory construction is that we must give effect to the intent of the legislature and, when necessary, the strict letter of the law must yield to that intention. *State v. Williams*, 693 S.W.2d 125, 127 (Mo.App.1985). Furthermore, it is presumed that the legislature acts with the knowledge of well established principles of law discussed, *supra. State v. Rumble*, 680 S.W.2d 939, 942 (Mo. banc 1984). Using the maxims of *ejusdem generis* and *noscitur a sociis, see Pollard v. Board of Police Commissioners*, 665 S.W.2d 333, 341 (Mo. banc 1984), it is apparent the word

"litigation" is meant to include only those proceedings tangentially related to the criminal process, and only those civil proceedings in which one of the designated bodies is a party to the action. *See Collins v. Director of Revenue*, 691 S.W.2d 246, 254 (Mo. banc 1985), (in a civil proceeding, for license revocation the Director of Revenue, an administrative agency and a designated party as set forth in 610.120, has access to criminal records associated with the suspension of a person's drivers's license). The case at bar is not a criminal action nor do the parties fit within the pertinent class of bodies which may utilize this statute. The word "litigation" cannot be construed so broadly to include a civil action such as this one.

Lastly, the respondent alleges that relators are without standing to complain about the trial court's order to disclose the contents of the prosecuting attorney's file. Respondent states "Relators are not members of the class of persons which the legislature intended to protect under § 610.105 in that only those persons against whom charges were nolle prossed are entitled to benefit thereunder." Certainly, the state has an interest in protecting those persons affected by Chapter 610. In the instant case the relators have taken up the state's oar and have labored strenuously thereon. For it is the state through Chapter 610 that mandates closed criminal records. No person, insurance company, or other entity, save those exceptions noted, is permited access to criminal files closed pursuant to Chapter 610.

■ The court in *State ex rel. St. Louis County v. Stussie*, 556 S.W.2d 186, 187–8 (Mo. banc 1977), held that the fact relators are strangers to the proceeding at which the prohibition is aimed—the opening of a third person's criminal file—does not prevent the court considering the issues raised so long as the action of the lower court affects the relators' interest. Prohibition is the proper procedure to review a trial court's order improperly requiring discovery. *State ex rel. Robinson v. Crouch*, 616 S.W.2d 587, 592 (Mo.App.1981).

If the relator did not seek to prevent the opening and subsequent disclosure of a third person's criminal file what remedy would exist for the third party to challenge such action? What notice of the impending invasion of his guaranteed sanctity would be furnished said person?

The preliminary writ is made absolute.

All concur.