Dear Representative Ribaudo:
This opinion is in response to your questions asking:
 (A) What is the definition of the word "expunged" as used in the context of Section 144.380.1(2), House Bill No. 1335, 84th General Assembly, Second Regular Session (1988)?
 (B) Is the intent of this section to cause a document to be recorded subsequent to the recording of the erroneous lien which has the effect of releasing the lien erroneously recorded?
Section 144.380.1(2), House Bill No. 1335, 84th General Assembly, Second Regular Session (1988), provides:
 (2) If any lien or liens have been erroneously or improvidently filed, the taxpayer or any other person affected by the lien may notify the director of revenue. The taxpayer or other affected person shall provide the director with the reasons the filing of the lien is erroneous or improvident as to such person (including that the affected person's name or other identification is similar to the taxpayer's) and a list of creditors with current addresses who are affected by the department's action. Upon receipt of the creditor list, reasons and verification of the erroneous or improvident filing, the director shall release the lien as to the taxpayer or the affected person, as necessary, and notify all creditors, stating the lien or liens filed were erroneously or improvidently attached. If the lien was erroneously or improvidently filed after the effective date of this section, the director shall forthwith make a determination in writing which shall become a public record in the same place the lien is noted under subsection 5 of this section that the same be expunged
from the record and give written notice thereof, duly certified, by certified mail to the recorder of deeds in the county where the same is recorded and upon receipt by the recorder of deeds of the certification the recorder shall immediately cause said record to be expunged. The director shall take whatever steps are necessary to ensure the lien is expunged. The director shall pay a three-dollar fee charged by the recorder when an erroneously or improvidently filed lien is expunged. (Emphasis added.)
Also, Section 143.902.1(2), House Bill No. 1335, 84th General Assembly, Second Regular Session (1988), provides:
 (2) If any lien or liens have been erroneously or improvidently filed, the taxpayer or any other person affected by the lien may notify the director of revenue. The taxpayer or other affected person shall provide the director with the reasons the filing of the lien is erroneous or improvident as to such person (including that the affected person's name or other identification is similar to the taxpayer's) and a list of creditors with current addresses who are affected by the department's action. Upon receipt of the creditor list, reasons and verification of the erroneous or improvident filing, the director shall release the lien as to the taxpayer or the affected person, as necessary, and notify all creditors, stating the lien or liens filed were erroneously or improvidently attached. If the lien was erroneously or improvidently filed the director shall forthwith make a determination in writing which shall become a public record in the same place the lien is noted under subsection 5 of this section that the same be expunged from the record and give written notice thereof, duly certified, by certified mail to the recorder of deeds in the county where the same is recorded and upon receipt by the recorder of deeds of the certification the recorder shall immediately cause said record to be expunged. The director shall take whatever steps are necessary to ensure the lien is expunged. The director shall pay a three-dollar fee charged by the recorder when an erroneously or improvidently filed lien is expunged.
(Emphasis added.)
In Baker v. State, 532 S.W.2d 893, 896 (Mo.App. 1976), in reference to Section 195.290, RSMo 1969, and the expungement of the record of a youthful offender who successfully completed a period of probation, the court held:
 . . . it is evident that the legislature intended "expunge" to mean "to strike out, blot, obliterate, delete or cancel" that part of the record which identifies it with the offender. It does not call for destruction or annihilation of the records themselves. On the other hand, the requirements of the statute are not met by placing the records in an envelope, sealing them, and retaining them in protective custody. As a practical matter, all records which must be retained by the court and which are identified in any way with the arrest, trial and conviction of the offender, should have all references to him eliminated. This may be done by striking out, blotting, obliterating or in any permanent manner completely concealing or excising the name of the offender, his address and any other identification which might associate him with the records of the court. This may be done through the use of ink, chemical or mechanical means just so long as there is no way to read defendant's name or address, or any other identifying words or numbers. All other papers which are not needed for the court's records and files may be destroyed, or, if the court needs certain portions of them, then the same procedure should be followed with respect to them. No part of the file or record should be placed in an envelope or other package with the offender's name or identification thereon and kept under protective custody.
In Bergel v. Kassebaum, 577 S.W.2d 863, 871-872 (Mo.App. 1979), in reference to Section 610.100, RSMo Cum. Supp. 1975, and the expungement of an arrest record, the court stated:
 Black's Law Dictionary, Revised Fourth Edition, defines "expunge" to mean: "to destroy or obliterate; it implies not a legal act, but a physical annihilation . . ." These definitions were approved by this court in State ex rel. M.B. v. Brown, 532 S.W.2d 893 (Mo.App. 1976). . . .
 In State ex rel. M.B., the court held that the language of § 195.290, RSMo 1969 which allows a youthful offender who has successfully completed probation to apply to the court which sentenced him "for an order to expunge from all official records . . . all recordations of his arrest, trial and conviction" did not mandate the physical destruction of the entire record. Relying on the word "from," the court held, at page 896, that the offender was only entitled to an order "striking out, blotting obliterating or in any manner completely concealing or excising the name of the offender, his address and any other identification which might associate him with the records of the court." The record would be left intact; only those portions which identified or connected the offender with the record would be destroyed.
 Section 610.100 does not use the language of § 195.290 and only states that "all records of arrest . . . shall be expunged." The language of § 610.100 does not support a partial expungement. It must be assumed, therefore, that when the legislature provided "all records of arrest and of any detention or confinement incident thereto shall be expunged" it meant to use "expunge" in the sense defined by Black's and the case law. Thus, when appellant's arrest record was `expunged,' it was destroyed." (Emphasis added.)
In State ex rel. Curtis v. Crow, 580 S.W.2d 753, 756 (Mo. banc 1969), in construing "expunged" in Section 195.290, RSMo 1975 Supp., the court approved of the lower court's definition of the term in State ex rel. M.B. v. Brown, 532 S.W.2d 893,896 (Mo.App. 1976) and held that such expungement related not only to the court's records but also to the records in the possession of the prosecuting attorney.
It is clear from the preceding review, that "expunged" refers to a physical act of destroying, in some manner, a record or part of a record.
With respect to your second question relating to the possible filing of a document which would have the effect of releasing a lien filed in error by the director of revenue, Section 144.380.3, House Bill No. 1335, 84th General Assembly, Second Regular Session (1988), provides:
 3. The director may release any part of the property subject to the lien by filing with the county recorder a copy of the original lien document and an affidavit containing a legal description of the property and stating that the property is to be released from the lien. The county recorder shall note the partial release in the same manner as provided in section 443.090, RSMo. The release of any specific property shall not affect in any manner other property subject to lien.
Also, Section 143.902.2, House Bill No. 1335, 84th General Assembly, Second Regular Session (1988), provides:
 2. The lien imposed under subsection 1 of this section may be wholly or partly released by filing for record in the office of the county recorder a release thereof executed by the director of revenue upon payment of the tax, interest, additions to tax and penalties or upon receipt by the director of revenue of security sufficient to secure payment thereof, or by final judgment holding such lien to have been erroneously or improvidently imposed.
There is no language in either of these sections leading to the conclusion that the references to liens therein are references to "erroneous liens". Therefore, these sections refer to the release of valid liens and not to the release of "erroneous liens". Further, since "erroneous liens" are to be expunged, under Sections 144.380.1(2) and 143.902.1(2), the expunged "erroneous liens" could not be released for the reason that there would be nothing to release after the records of same have been physically obliterated.
There is nothing in the legislation suggesting that the General Assembly intended some meaning other than physical destruction to be given to the word "expunged," nor any language leading to the conclusion that the General Assembly intended that "erroneous liens" be released instead of expunged.
CONCLUSION
It is the opinion of this office that the word "expunged" used in Sections 144.380.1(2) and 143.902.1(2), House Bill No. 1335, 84th General Assembly, Second Regular Session (1988), means striking out, blotting, obliterating or in any permanent manner completely concealing or excising a record or part of a record. Liens filed in error by the director of revenue are not to be released by the filing of a document subsequent to the recording of such liens because such liens are to be expunged, thereby leaving nothing to be released.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General